ARKANSAS TELEPHONE COMPANY v. SELLS.

Opinion delivered April 12, 1926.

ELECTRICITY—NEGLIGENCE IN STRINGING WIRES.—In an action against a telephone company for negligence causing injury to an adult pedestrian, evidence that plaintiff, while walking along a street, had his foot caught in a wire stretched in the usual manner along the street preparatory to lifting it to the cross-arms of the poles, *held* insufficient to establish negligence in failing to warn him of the presence of the wire, in the absence of evidence that he seemed to defendant's watchman to be unaware of its presence.

Appeal from Clay Circuit Court, Eastern District; *G. E. Keck,* Judge; reversed.

*Murphy, McHaney & Dunaway* and *Hunter & Hunter,* for appellant.

*Ward & Ward,* for appellee.

McCULLOCH, C. J.   Appellant is a domestic corporation and operates a telephone system in Clay County, including the city of Piggott.   Appellee resides at Piggott, and he instituted this action against appellant to recover damages on account of alleged negligence in permitting an unguarded wire to be laid along the street, and in which he became entangled, fell down, and received personal injuries.   Appellee alleged in his complaint that appellant was engaged in erecting a new line of posts and wires along one of the streets in Piggott, and that in so doing it negligently permitted the unguarded wire to be left on the ground across the street and sidewalk for a time and without warning to pedestrians, and that he (appellee), while passing down the sidewalk, became entangled in the wire and was thrown to the ground with great force, and received severe injuries.   Appellant denied the charge of negligence, and upon the issues thus joined there was a trial, which resulted in a verdict in favor of appellee for the recovery of damages in the sum of $100.

It appears from the testimony that appellant was erecting a new telephone line along one of the streets of Piggott, and, in accordance with the customary methods of that kind of construction, the wire was laid along the

street after the erection of the poles and then drawn taut and lifted to the cross-arms of the poles. Appellee is a man well along in years, though still active in business affairs, and he testified that, while walking along the pavement across Front Street, across which the wire was stretched or laid along the ground, his foot became entangled or hung under the wire and he was thrown down, and received serious injuries to his hand, as well as a severe blow on his head, when he fell. He testified that he did not see the wire or receive any warning of its presence. He also testified that he did not see any watchman there at the crossing, and was not warned in any way, but he admits that he saw a young man standing there, who said nothing to him.

According to the testimony adduced by appellant, the wire was laid in the ordinary way, it being shown that it was the best practicable way to construct the new line. The witnesses testified that appellant employed a watchman to stand at the crossing. Parker, the watchman, testified that appellee came along the street en route to the business portion of the town, and that he (the watchman) directed appellee's attention to the fact that the wire was stretched along the ground, but that when appellee came back on his return the watchman was out in the street holding down the wire flat on the ground for a team of mules to pass over. Appellee denied that Parker called his attention to the wire, either when he passed along there going up town or when he returned.

The issues were submitted to the jury upon correct instructions in regard to the law of negligence and contributory negligence, and the only ground asserted here for reversal of the judgment is that the evidence was not sufficient to sustain the verdict, in that there was no actionable negligence proved.

After careful consideration of the testimony, we are of the opinion that the contention of appellant is sound, and that the charge of negligence against appellant is not sustained. Certainly there was no negligence in the method of carrying on the work, for it is undisputed that

it was done in the customary way, and was the only practicable way of erecting the line without causing it to sag. The wire was laid along the ground, and it may be assumed that it was not entirely flat on the ground, even though appellee did state in his testimony that such was the case. In the very nature of things the loose wire would kink to some extent and rise from the surface, and it was possible for a pedestrian passing along there to get his foot entangled or hung under the wire, unless he observed precautions to prevent it. There was no negligence, however, in laying the wire along the street for a short time before lifting it to the cross-arms of the poles, for, as before stated, that was the proper and usual way to do the work. If there be any negligence at all, it must be found in failing to properly guard the wire so as to protect pedestrians and other travelers from danger. The undisputed evidence is that the wire was a bright, new one, and could be easily seen by any one walking along there. If we were dealing with a case of injury to a passing team or to a child of tender years, it would be proper to say that the danger to passing animals or to children was reasonably to be anticipated, but as to adults it can scarcely be said that danger should be anticipated, the wire being so easily discovered that a prudent person would not anticipate that a man of full age would permit himself to become entangled in the wire. Appellant appreciated the fact that it was necessary to have a watchman there to warn pedestrians, but this fact cannot serve as a basis for imposing liability, unless danger from the failure to give warning could reasonably be anticipated. There is a conflict in the testimony as to whether or not appellee was actually warned of the presence of the wire, but there is no testimony tending to show that appellee gave any indication of being unaware of the presence of the wire so as to attract the attention of the watchman and to call for a warning of danger. Of course, if the watchman knew that appellee had not detected the presence of the wire, and failed to give warning thereof, then there might be a right of recovery for the negligence.

But, where the danger was not to be anticipated and there was nothing in the conduct of appellee to give notice of his being unaware of the danger, we cannot perceive any just ground upon which appellant can be held liable for failure of the watchman to give warning of the presence of the wire.

Our conclusion is therefore that the right to recover damages has not been established by the evidence, and, as the case is fully developed, the judgment will be reversed, and the cause dismissed. It is so ordered.